HOCKER, Associate Justice
(dissenting).
This case involves nothing but a disputed question of fact which the jury after seeing and hearing the witnesses resolved in favor of the plaintiff. This Court, without having heard or seen a single witness, now proposes to retry the case and find for the defendant.
The Court in its opinion gives its reason why it thinks that had it been the jury it might have decided for the defendant. There is plenty in the record from which the jury could very reasonably conclude that the defendant had colluded with another realtor to avoid paying plaintiff a commission on a sale, when the plaintiff was the one who found and interested the purchaser.
*732 The Court quotes some remarks of the trial judge. What the trial judge may or may not have said at some stage of the trial is immaterial. He was not the jury. The fact remains that when the jury did find for the plaintiff the trial judge did not disturb the verdict.
The record discloses that the trial judge gave the old, old charges to the jury about its being the “sole” judge of the weight and truth of the evidence. These charges either mean what they say or they are an insult to the intelligence of a jury.
The field of an Appellate Court is law, not facts. One who has spent years in the study and practice of law should be presumed to know more' about our Constitution, Statute law procedure and Judicial precedents than a layman. Facts are the warp and woof of every man’s life. That is why we have the jury system.
I do not concur.